IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                                        Civil Case No. 05-3170-SAC
                                             Criminal Case No. 97-40005-03-SAC

JAMES CULP,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582. (Dk. 308). Having been sentenced under the former mandatory guideline sentencing scheme and denied his Sixth Amendment right to a jury trial on sentencing enhancements, the defendant claims his sentence should be reduced pursuant to § 3582 because the guidelines scheme is now advisory as a result of the Supreme Court's recent ruling in *United States v. Booker*, 125 S. Ct. 738 (2005). The defendant argues this change from mandatory to advisory is not unlike the situation addressed in § 3582(c)(2) in which a sentence may be reduced when the Sentencing Commission subsequently lowers a guideline sentencing range. The defendant alternatively asks for *Booker's* retroactive application to his case on collateral review and prays for a resentencing

at which he will seek a departure based on family circumstances and requests a full consideration of the different factors under 18 U.S.C. § 3553(a).

The government responds that none of the grounds for resentencing authorized in 18 U.S.C. § 3582 encompasses a retroactive application of the *Booker* decision. The government exposes the defendant's motion to be a second or successive § 2255 motion subject to the prerequisite of circuit certification. Finally, the government notes that in this circuit it has been settled that *Booker* "may not be applied retroactively to second or successive habeas petitions." *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005).[1]

In reply, the defendant reads § 3582 expansively as vesting a sentencing court with the discretion to reduce a sentence that is contrary to current law. The defendant reiterates his prayer to be resentenced under the now advisory sentencing guidelines and the sentencing factors of 18 U.S.C. § 3553(a).

**PROCEDURAL HISTORY**

The defendant timely filed in October of 2000 his first motion for relief under 28 U.S.C. § 2255 challenging the sufficiency of the evidence and the drug

---

[1] In *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), the Tenth Circuit held that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."

amount findings on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court denied the defendant's §225 motion. (Dk. 263). The defendant then filed a Rule 59(e) which the court treated as an uncertified second § 2255 motion and, lacking jurisdiction to entertain it without prior authorization from the circuit court, transferred the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631. (Dk. 270). The Tenth Circuit denied the defendant's motion to file a second or successive § 2255 motion. (Dk. 272).

**GOVERNING LAW AND ANALYSIS**

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Because the defendant's motion is not a direct appeal and initially denies that it is a collateral attack under 28 U.S.C. § 2255, its "viability . . . depends entirely upon [18 U.S.C. § 3582(c)]." *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *Blackwell*, 81 F.3d at 947. (quoting 18 U.S.C. § 3582(c)). Those three narrow avenues are:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if

3

> such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider the defendant's request.  *Id*.

As for the first two avenues, the defendant does not argue either one and does not assert the requisite conditions for relief under them.  The defendant does cite and quote § 3582(c)(2) in his memorandum and argues for relief under it even though he cites no guideline change made by the Sentencing Commission that is retroactively applicable to his case.  The *Booker* decision may have changed the application of the guidelines, but it did not lower the guideline sentencing ranges.  Nor does the defendant point to any guideline ranges lowered by the Sentencing Commission in response to *Booker*.  The defendant is unable to meet the threshold conditions for § 3582(c)(2) merely by asserting the change made by *Booker*.  *See United States v. Joseph*, 130 Fed. Appx. 357, 360, 2005 WL 1038766, *3 (11th Cir. 2005) ("[B]ecause § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence," it is

not a statutory vehicle for advancing *Booker*.); *United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, *1 (5th Cir. 2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); *see also United States v. Gomez*, 2005 WL 1431690, *1 (S.D.N.Y. 2005); *United States v. Morrison*, 2005 WL 1474108, *1 (E.D. Mo. 2005); *United States v. Chappell*, 2005 WL 806702, *1 (D. Kan. 2005). In the Tenth Circuit, if the guideline amendment is not included in the list of guideline amendments to be given retroactive effect appearing at subsection (c) to U.S.S.G. § 1B1.10, the amendment may not serve as basis for reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *see also United States v. Torres*, 99 F.3d 360, 362-63 (10th Cir. 1996), *cert. denied*, 520 U.S. 1129 (1997). The defendant does not point to any guideline amendment listed in U.S.S.G. § 1B1.10(c). The court is without jurisdiction under this third avenue. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997).

Though initially attempting to import *Booker* by way of § 3582(c)(2), the defendant's motion also brushes aside any pretense of not collaterally attacking

his original sentence when he alternatively requests retroactive application of *Booker* and argues the ineffective assistance of both his trial and appellate counsel. The court treats this aspect of the defendant's motion as brought pursuant to 28 U.S.C. § 2255. This is not the first § 2255 motion filed by the defendant. Under 28 U.S.C. § 2244, a prisoner may not file a successive motion under § 2255 without first obtaining permission from the court of appeals. *See Daniels v. United States*, 254 F.3d 1180, 1188 (10th Cir. 2001). Therefore, this court is without jurisdiction to rule on this filing. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

IT IS THEREFORE ORDERED that the court is without jurisdiction under 18 U.S.C. § 3582(c) to consider the defendant's motion;

IT IS FURTHER ORDERED that the defendant's motion is a collateral attack to his original sentence and, therefore, is an unauthorized successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (Dk. 308) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the

United States Attorney.

Dated this 30th day of June, 2005, Topeka, Kansas.

s/ Sam A. Crow<br>
Sam A. Crow, U.S. District Senior Judge